JACOB E. LINTZENICH, Appellant, v. ALFRED A. SANGUINET et al., Defendants; DOVER PLACE REALTY AND INVESTMENT COMPANY, Respondent.

**St. Louis Court of Appeals, May 5, 1914.**

**APPELLATE PRACTICE:** Review of Matters of Exception: Prerequisites. The refusal to admit a mechanic's lien statement in evidence is not reviewable, on appeal, unless the statement is preserved or called for in the bill of exceptions.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench*, Judge.

AFFIRMED.

*P. A. Griswold* for appellant.

*Geo. W. Lubke* and *Geo. W. Lubke, Jr.,* for respondent.

There is nothing in the record to enable this court to determine whether the ruling of the trial court in excluding from the evidence the lien offered was incorrect as complained of by the appellant. The bill of exceptions must either set out the evidence offered or, if this evidence be documents, call for the insertion of them in the record by the clerk when the transcript of the record is made up by him, or the evidence is not preserved for review in the appellate court. McNeil v. Home Insurance Co., 30 Mo. App. 308; Roberts v. Bartlett, 26 Mo. App. 611; Martin v. McMaster, 63 Mo. App. 342; State v. Handley, 144 Mo. 118; State v. Ruck, 194 Mo. 416; State v. Buck, 130 Mo. 480; Mankameyer v. Egelhoff, 93 Mo. App. 183.

ALLEN, J.—This is an action to enforce a mechanic's lien. Plaintiff entered into a contract with the defendants Sanguinet and Webb to do the slate roofing upon certain dwellings in the city of St. Louis, which these defendants, as original contractors, were erecting for the respondent, Dover Place Realty & Investment Company, the owner thereof. Plaintiff, having performed his contract and not having been paid in full therefor, filed a mechanic's lien against the said buildings and premises for the amount claimed to be due him. Thereafter he instituted this action before a justice of the peace, where he obtained a judgment against the contractors and sustaining the lien. From this judgment the respondent owner appealed to the circuit court. At the trial of the cause in the latter court, plaintiff offered in evidence his lien statement, but it was excluded by the court upon objections interposed by the respondent, and judgment was rendered for the latter.

Plaintiff duly excepted to the action of the court, in excluding the lien paper, but we are unable to review the matter for the reason that plaintiff has not preserved in his bill of exceptions the instrument in question which he offered in evidence and which was excluded. Neither is there any call for the same in the bill of exceptions. The lien paper is no part of the record in the case, and could be made so only by being incorporated into the bill of exceptions. This not having been done, there is absolutely nothing in the record before us to enable us to pass upon the propriety of the court's ruling in excluding the paper. One objection to its introduction was that it was insufficient upon its face to sustain any lien. Whether it is or not we cannot determine, since it is not before us, and hence we can do nothing but affirm the judgment.

Were it a failure to incorporate into the printed abstract of the record the contents of an instrument set out in the bill of exceptions, or there called for,

we could allow the record to be corrected in order to dispose of the case on the merits; but such is not the situation. It is conceded that the lien paper was not in fact incorporated into the original bill of exceptions filed, nor there called for; and that the bill of exceptions contained in the abstract before us is an exact copy of the original bill.

It follows that the judgment must be affirmed; and it is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.